1    WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Shebli Geegieh,                              No. CV-17-02950-PHX-GMS

          Plaintiff,                         **ORDER**

v.

Katherine Cooper, et al.,

          Defendants.

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 25). For the reasons stated below, the Court grants the motion.

### BACKGROUND

In May 2013, Plaintiff Shebli Geegieh filed a petition in Maricopa County Superior Court to terminate or modify his spousal maintenance order. (Doc. 1 at 3). Mr. Geegieh requested two hours for his hearing, but Judge Katherine Cooper granted him only ninety minutes. (Doc. 1 at 3–4). Judge Cooper questioned Mr. Geegieh for twenty of those ninety minutes, and she denied Mr. Geegieh's request for an extension of time to cross-examine his former wife. (Doc. 1 at 4). Mr. Geegieh alleged that these court decisions "resulted . . . in wrong and faulty finding of facts . . . ." (Doc. 1 at 5).

Mr. Geegieh appealed the decision to the Arizona Court of Appeals, which affirmed the superior court judgment without addressing "the crucial fact raised in the appeal in which the plaintiff stated that Trial Court was the reason why he lost a substantial amount of his pre-allocated time . . . ." (Doc. 1 at 5–6). Mr. Geegieh

appealed to the Arizona Supreme Court, which denied the petition for review on August 4, 2017. (Doc. 1 at 6).

Mr. Geegieh then filed this complaint on August 31, 2017, noting that he "is appealing to the United States District Court . . . ." (Doc. 1 at 1). He argued that cross-examination of a witness "is one of the key pillars" of the Constitution, and that the Arizona courts denied his constitutional rights in his spousal maintenance suit. In conclusion, Mr. Geegieh stated that he "is appealing to the honorable Court praying that it will take an action and compensate the Plaintiff for all damages resulted from the violation of his constitutional rights." (Doc. 1 at 10).

## DISCUSSION

"Federal District Courts . . . are empowered to exercise original, not appellate, jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). A federal district court lacks jurisdiction to review "cases brought by state-court losers[,] complaining of injuries caused by state-court judgments[,] rendered before the district court proceedings commenced[,] and inviting district court review and rejection of those judgments." *Id.* at 284.

Mr. Geegieh lost his request for a spousal maintenance modification in Arizona Superior Court, Court of Appeals, and Supreme Court. His complaint is based on the Arizona courts' decisions to limit his hearing to ninety minutes and deny an extension for cross-examination. The Arizona Supreme Court denied Mr. Geegieh's petition for review on August 4, 2017, and he filed this complaint on August 31, 2017. Twice in the complaint, Mr. Geegieh states that he is "appealing" to the District Court to consider the decisions in Arizona courts.

Therefore, the Court does not have jurisdiction to hear Mr. Geegieh's request. To hold otherwise would violate "*Rooker/Feldman* abstention doctrine, under which a party losing in state court is barred from seeking what in substance would be appellate review

of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994) (citations omitted).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss, (Doc. 25), is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated this 22nd day of February, 2018.

Honorable G. Murray Snow
United States District Judge